**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1847**

———————

SENAIT HAILEGEORGIS,

                    Petitioner,

          v.

MICHAEL B. MUKASEY, Attorney General,

                    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A99-544-519)

———————

Submitted:  April 7, 2008          Decided:  April 21, 2008

———————

Before TRAXLER and SHEDD, Circuit Judges, and WILKINS, Senior
Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Alan M. Parra, LAW OFFICE OF ALAN M. PARRA, ESQUIRE, Silver Spring,
Maryland, for Petitioner.  Jeffrey S. Bucholtz, Acting Assistant
Attorney General, Greg D. Mack, Sherrie Waldrup, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Senait Hailegeorgis, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order finding her removable and denying her application for asylum, withholding from removal, and protection under the Convention Against Torture ("CAT").* Hailegeorgis challenges the immigration judge's adverse credibility finding, as affirmed by the Board. For the reasons set forth below, we deny the petition for review.

We will uphold an adverse credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

Having reviewed the administrative record and the Board's decision, we find that substantial evidence supports the immigration judge's adverse credibility finding, as affirmed by the Board, and the ruling that Hailegeorgis failed to establish past

*Because Hailegeorgis did not challenge the denial of withholding of removal or relief under the CAT in her brief, those claims are not preserved for review. See 4th Cir. R. 34(b); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 U.S.C.A. § 1158(b)(1)(B)(I), (ii) (West 2005) (providing that the burden of proof is on the alien to establish eligibility for asylum); 8 C.F.R. § 1208.13(a) (2006) (same). Because the record does not compel a different result, we will not disturb the Board's denial of Hailegeorgis' application for asylum.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED